UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:25-cv-01553 (UNA) |
| | ) |
| FEDERAL RESERVE BANK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On April 15, 2025, the U.S. District Court for the Eastern District of Texas transferred this matter to this court. *See* Transfer Order, ECF No. 3. Pending are Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and his application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Plaintiff, however, is barred from proceeding IFP in this court. *See Emrit v. Pratt*, No. 23-cv-992 (D.D.C. June 6, 2023), at Barring Order, ECF No. 4. Therefore, the court must deny his IFP application. In any event, upon review, the court lacks subject matter jurisdiction over this matter, and it is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Florida and Maryland, *see* Compl. ¶¶ 4, 11, who holds himself out as a "Presidential Candidate," *see id.* at caption, attempts to bring this matter as a "class action lawsuit including [as plaintiffs for] all impoverished Americans," *see id.* ¶ 3. He raises claims against the Federal Reserve Bank, the Federal Open Market Committee, the Bureau of Engraving and Printing, and the National Mint. *See id.* at 1–3, 7–8. The complaint is not a model of clarity. Despite having filed this matter in the Eastern District of Texas, plaintiff references the

U.S. District Court for the Eastern District of Louisiana and seeks relief directly from the Chief Judge of the Middle District of Louisiana. *See id*. ¶¶ 1–2, 11–12. The allegations are rambling and difficult to follow, covering a range of topics that include, but are not limited to, a historical chronicle of federal and private financial institutions, schools of economic thought, patent applications, visa applications, Plaintiff's significant others, "The Blair Witch Project," and the theory of "stigmergy." *See id.* ¶¶ 17–31. Plaintiff's primary concern are the tariffs enacted in 2025, which he asserts are "negatively impacting the American economy." *See id*. ¶¶ 1–2, 16–17. He demands an injunction barring any tariffs against Canada, Mexico, and China, as well as two trillion dollars in damages. *See id*. ¶¶ 1–3, 15, *ad damnum* clause.

First, plaintiff cannot bring this matter as a class action. A *pro se* litigant can represent only herself in federal court.[1] *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co*., 274 F. Supp. 2d 10, 16 (D.D.C. 2003) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Second, even if Plaintiff had brought this matter individually, he has failed to establish standing. Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing

---

[1] It also appears that plaintiff may attempt to bring this action as an entity or on behalf of an entity. *See* Compl. at caption. But a non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities," *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993). Nor can Plaintiff proceed, IFP or otherwise, on behalf of an entity, because he is not licensed counsel, *see* 28 U.S.C. § 1654; *Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland*, 506 U.S. at 201–02).

controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). "[A] defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff does not allege a redressable injury that is particularized to himself. He broadly claims that he suffered damages, *see* Compl. at 7–8, but provides no details or context regarding those damages whatsoever, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are fundamentally insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint lacks any factual allegations showing that he sustained, or is likely to sustain, any direct injury from the alleged actions. As pleaded, Plaintiff has raised, at best, a general grievance about the federal government, but "a plaintiff raising only a generally available grievance about" the government, "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74; *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of

jurisdiction."). Where, as here, a "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008); *see also Demos v. United States*, 31 C.I.T. 789, 791 n.2–n.3 (2007) (dismissing case and finding that the plaintiff did not present a case or controversy, "but merely general grievances over government policy," where he challenged "America's international trade agreements, tariffs, and duties," alleging that "[g]lobal trade talks between the U.S.A. and the rest of the world [were] at a standstill," and that the government has failed "to provide nutrition, food, and agriculture to the poor)"

Consequently, for these reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's pending request for leave to file a proposed "notice of appeal," ECF No. 5, is denied, because it is captioned for the United States Court of Appeals for the Fifth Circuit, not for this District or the D.C. Circuit, *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g), and it does not reference a final appealable order; indeed, until now, no final appealable order has been docketed. A separate order accompanies this memorandum opinion.

Date: June 16, 2025

                                                         /s/
                                        AMIT P. MEHTA
                                  United States District Judge